# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AUGUSTINE HERNANDEZ,

      Petitioner,

                                        CASE NO. 2:06-CV-12037

v.                                   HONORABLE VICTORIA A. ROBERTS
                                       UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

      Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Augustine Hernandez, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, Petitioner challenges his conviction for one count of second-degree murder, M.C.L.A. 750.317; M.S.A. 28.549; and two counts of assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; M.S.A. 28.279. Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a traverse or response to the motion to dismiss. For the reasons stated below, the Petition for Writ of Habeas Corpus is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

## I. Background

Petitioner was originally charged with one count of first-degree murder and two counts of assault with intent to commit murder. Following a bench trial in the Detroit

1

Recorder's Court, Petitioner was convicted on June 21, 1988 of the lesser included offenses of second-degree murder and assault with intent to do great bodily harm.

Petitioner's direct appeals with the Michigan courts ended on August 5, 1991, when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Hernandez,* No. 90270 (Mich. S.Ct. August 5, 1991).

On August 17, 1995, Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied on March 27, 1997. [1] Petitioner, by his own admission, never appealed the denial of this motion to the Michigan Court of Appeals or the Michigan Supreme Court. Instead, Petitioner filed a second motion for relief from judgment with the trial court on November 2, 2000. After this post-conviction motion was denied by the trial court and the Michigan Court of Appeals, post-conviction proceedings ended in the state courts when the Michigan Supreme Court denied Petitioner's leave to appeal the denial of his post-conviction motion on May 31, 2005. *People v. Draper,* 472 Mich. 913; 696 N.W. 2d 715 (2005). Petitioner's habeas application was filed with this Court on April 17, 2006. [2]

---

[1] *See People v. Hernandez,* Detroit Recorder's Court State Court Record, p. 7 - Case No. 88-006000 [This Court Dkt. Entry # 8]. In a habeas proceeding, a federal district court is permitted to take judicial notice of the records in the case which resulted in the petitioner's underlying conviction. *See Camper v. Benov,* 966 F. Supp. 951, 953, n. 2 (C.D. Cal. 1997). In the absence of reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *Arnold v. Wood,* 238 F. 3d 992, 995 (8th Cir. 2001) Moreover, Petitioner does not dispute that this was the date that his first post-conviction motion was denied, nor does he dispute the respondent's allegation that he failed to appeal the denial of this motion to the Michigan appellate courts.

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on April 17, 2006, the date that it was signed and dated. *See Neal v. Bock,* 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich.

## II.  Discussion

The Petition for Writ of Habeas Corpus must be dismissed because it has not been filed within the one year statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions.  28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

Petitioner's direct appeals with the Michigan courts were completed on August 5, 1991, when the Michigan Supreme Court denied his application for leave to appeal the

---

2001).

3

affirmance of his conviction by the Michigan Court of Appeals.  Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000).  Petitioner's judgment therefore became final on November 3, 1991, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Grayson*, 185 F. Supp. 2d at 750.  However, because Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001).  Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

In the present case, Petitioner filed his first post-conviction motion for relief from judgment with the state trial court on August 17, 1995, prior to the enactment of the AEDPA's statute of limitations.  28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).  Because Petitioner's first post-conviction motion was still pending in the state courts on the enactment date of the AEDPA, the one year grace period for filing a habeas petition was further tolled pending the conclusion of Petitioner's state post-conviction proceedings.

4

*See Gendron v. United States,* 154 F. 3d 672, 675 (7th Cir. 1998).

The trial court denied Petitioner's first post-conviction motion on March 27, 1997. Petitioner, by his own admission, never appealed the denial of this post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court. A criminal defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509; M.C.R. 7.205(F)(3). In the present case, the tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2) ended on March 27, 1998, when the one year period for seeking leave to appeal the post-conviction motion with the Michigan Court of Appeals expired. *See Palmer v. Lavigne,* 43 Fed. Appx. 827, 829 (6th Cir. 2002). [3] Petitioner therefore had until March 27, 1999 to timely file his habeas petition with this Court.

Petitioner filed a second motion for relief from judgment with the trial court on November 2, 2000, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations

---

[3] The Court notes that there is an apparent conflict in the Sixth Circuit concerning the tolling of the limitations period pursuant to § 2244(d)(2) where a Michigan prisoner fails to timely appeal the denial of his or her post-conviction motion. In *Whitcomb v. Smith,* 23 Fed. Appx. 271, 273 (6th Cir. 2001), the Sixth Circuit held that the one year limitations period was tolled pursuant to § 2244 (d)(2) during the twenty one day period for which the petitioner could have appealed the trial court's denial of his post-conviction motion for relief from judgment, but was not tolled for the twelve month period that he could have sought a delayed application for leave to appeal under M.C.R. 7.205(F), because petitioner never applied for leave to appeal either within the twenty one day period or within the one year period. *Id.* The Sixth Circuit in *Palmer v. Lavigne,* on other hand, tolled the limitations period for the entire one year period that the petitioner could have sought leave to appeal. As indicated above, Petitioner's application is untimely even giving him the benefit of this calculation.

5

period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003).  If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *See Grayson,* 185 F. Supp. 2d at 750. Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).  Petitioner's habeas application is therefore untimely.

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

Petitioner argues that the limitations period should be equitably tolled because of his difficulties with the written English language and the failure of the Michigan prison system to provide legal materials in Spanish to Spanish speaking inmates.  Petitioner claims that prior to September 7, 1999, he was still learning to read the English language

6

and was far from fluent enough to comprehend matters of state and constitutional law.

The Sixth Circuit has noted that courts that have considered this issue have rejected the argument that an inability to speak or to understand the English language provides a basis for a court to equitably toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 443 (6th Cir. 2002):

> "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."
> *Cobas,* 306 F. 3d at 444.

The Sixth Circuit concluded that where a habeas petitioner's lack of proficiency in the English language has not prevented a petitioner from accessing the courts, this alleged lack of proficiency in the English language does not justify equitably tolling the limitations period. *Id.*

As an initial matter, Petitioner has failed to show that he could not speak or understand the English language.  A review of the transcripts from Petitioner's trial and sentencing in 1988 and from his posttrial *Ginther* [4] hearing in 1989 show that Petitioner was able to testify fluently in English at these hearings without the need for an interpreter. In fact, the trial court judge commented at the *Ginther* hearing that he noticed that Petitioner's mother had been speaking fluent English in front of him and commented that "we're suppose (sic) to assume the second generation (*i.e.* Petitioner) speaks poorer English than the first." (*Ginther* Hearing T., p. 33).  Petitioner's mother, in fact, made

---

[4] *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973).

7

several comments in perfect English in response to the trial court judge's comments. (*Id.*
at pp. 35-6). In addition, Petitioner was able to file a *pro per* application for leave to
appeal to the Michigan Supreme Court in 1991 following the denial of his appeal of right
by the Michigan Supreme Court. [5] This demonstrates that Petitioner was capable of
drafting and filing legal documents. Finally, Petitioner was able to file his first post-
conviction motion with the trial court in 1995, in spite of these alleged difficulties with
the written or spoken English language. The fact that Petitioner was able to file his first
state post-conviction motion while this alleged impediment still existed shows that he was
not prevented by his alleged language difficulties from timely filing his habeas petition.
*See e.g. Rios v. Alameida,* 102 Fed. Appx. 582, 583 (9th Cir. 2004).

       Petitioner also appears to argue that the limitations period should be equitably
tolled because he was unaware of the AEDPA's one year limitations period. Equitable
tolling of the AEDPA's one-year limitations period is not warranted on the basis of
petitioner's alleged lack of actual or constructive knowledge of the filing requirement,
because case law and the clear statutory provisions of the AEDPA regarding the statute of
limitations afforded Petitioner constructive knowledge of the filing deadline. *See Allen v.
Yukins,* 366 F. 3d 396, 402-03 (6th Cir. 2004). In addition, even if Petitioner lacked actual
knowledge of the limitations period, ignorance of the law alone is insufficient to warrant
equitable tolling. *Id.*

       Petitioner also contends is that the limitations period should be tolled because he is

---

[5] *See* Application for Leave to Appeal, part of this Court's Dkt. Entry # 13.

8

actually innocent of the crimes for which he was convicted.

The Sixth Circuit has held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner contends that a statement made by an unidentified witness to Sergeant Danny Maynard of the Detroit Police on April 17, 1988 establishes his actual innocence of the murder of Darryl Hodges, because the witness describes the man with the knife as a "white male", whereas Petitioner is Hispanic.

There are several problems with this evidence. First, this unidentified witness'

9

statement to the police is hearsay and is therefore of limited credibility. *See Herrera v. Collins,* 506 U.S. 390, 417 (1993)(hearsay statements insufficient to support freestanding habeas claim of actual innocence). This unidentified witness's hearsay statement is only minimally persuasive evidence in support of Petitioner's actual innocence, because as hearsay evidence it is presumptively less reliable than direct testimony. *See Knickerbocker v. Wolfenbarger*, ---- Fed. Appx.----;  2007 WL 29190, * 6 (6th Cir. January 5, 2007).

Moreover, the witness' statement does not reach the high threshold of establishing actual innocence for several reasons. First, although the witness described the assailant as being a white male, he also indicated that he saw only one person with a knife and he observed this person stab one or two people. Petitioner at his trial admitted to stabbing Ricardo Rodriguez, one of the assault victims. (T. p. 31). When Petitioner's admission to stabbing one of the assault victims is coupled with this unidentified witness' statement that he saw only one person with a knife stabbing one or two persons, the clear inference is raised that Petitioner was the man who killed Darryl Hodges. Moreover, Gilbert and Ricardo Rodriguez testified that they witnessed Petitioner stab Hodges. In light of the testimony from these two witnesses, Petitioner has failed to show that this unidentified witness's statement, which he claims would establish that someone else might have murdered Hodges, would establish his actual innocence so as to toll the AEDPA's limitations period, because a finder of fact could still have chosen to credit the testimony of all of the inculpatory evidence against Petitioner in this case. *See Chhoeum v. Shannon,*

10

219 F. Supp. 2d 649, 654-55 (E.D. Pa. 2002)(petitioner failed to show that the testimony

of two witnesses, who did not testify, identifying someone else as the shooter, established

his actual innocence to toll the AEDPA's limitations period, where even if the testimony

had been presented, the jury still may have chosen to credit the testimony of other

witnesses who identified petitioner as the shooter).  Finally, this Court notes that

Petitioner admitted to murdering Hodges while testifying at the *Ginther* hearing, although

he subsequently retracted his admission. (*Ginther* Hearing T., pp. 28-29).  Petitioner's

actual innocence claim is insufficiently convincing for this Court to conclude that no

reasonable finder of fact would have convicted Petitioner of the offenses in this case. *See*

*Brown v. McKee,* 232 F. Supp. 2d 761, 769 (E.D. Mich. 2002).

### III.  Conclusion

The Court will summarily dismiss the current petition, because it was filed outside

of the one year limitations period contained in § 2244(d)(1).  The Court will also deny

Petitioner a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b)

state that an appeal from the district court's denial of a writ of habeas corpus may not be

taken unless a certificate of appealability (COA) is issued either by a circuit court or

district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the

district court judge shall either issue a certificate of appealability or state the reasons why

a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny Petitioner a Certificate of Appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753. The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV.   ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in*

*forma pauperis.*

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  April 4, 2007**

**The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 4, 2007.**

**S/Carol A. Pinegar**
**Deputy Clerk**

13